

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. C. McEvoy
County Attorney
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. O-2751
Re: The validity of the Commissioners'
Court order as herein set out.

Your recent request for an opinion of this department
upon the question as is herein stated has been received.

We quote from your letter as follows:

"On the 29th day of July, 1937, the Commissioners'
Court of Waller County, Texas, at a special session of
court, passed the following order:

"'It is ordered by the Court that the County Treasurer
be and she is hereby directed to secure from the County
Clerk a list of all warrants issued after each term of
the Commissioner's Court, and that they be paid by the
County Treasurer in numerical order.'

"Said order appears of record in Vol. I, page 137,
of the minutes of said court.

"Since the passage of said order, it has been the
practice of both the former County Treasurer and of the
present County Treasurer, in obedience to such order,
to register all warrants issued by the County Clerk in
the order of their issuance by such Clerk. In other
words, the County Treasurer's registration number of any
warrant is determined by number assigned to such warrant
by the County Clerk. Warrants issued in payment of claims
audited by the Commissioners' Court are not presented
by the claimants to the County Treasurer for registration;

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Ion. J. C. McEvoy, page 2

"such warrants are registered by the County Treasurer before they are ever delivered to the respective payees, and such warrants are paid off in the order that they are registered by the County Treasurer.

"The County Treasurer has requested that I seek your opinion on the following question: Is the above order of the Commissioners' Court void by reason of its conflict with the provision of Art. 1625 of the (1925) Revised Civil Statutes of Texas which requires that the County Treasurer 'shall register all claims against his county in the order of presentation?'"

Articles 1625 and 1627, Vernon's Annotated Civil Statutes, read as follows:

"Art. 1625. Each county treasurer shall keep a well-bound book in which he shall register all claims against his county in the order of presentation, and if more than one is presented at the same time he shall register them in the order of their date. He shall pay no such claim or any part thereof, nor shall the same, or any part thereof, be received by any officer in payment of any indebtedness to the county, until it has been duly registered in accordance with the provisions of this title. All claims in each class shall be paid in the order in which they are registered.

"Art. 1627. Said treasurer shall, enter each claim in the register, stating the class to which it belongs, the name of the payee, the amount, the date of the claim, the date of registration, the number of such claim, by what authority issued, and for what service the same was issued, and shall write on the face of the claim its registration number, the word, 'registered,' the date of such registration, and shall sign his name officially thereto."

Article 1626, Vernon's Annotated Civil Statutes, provides that claims against a county shall be registered in three classes as therein set out.

Hon. J. C. McEvoy, page 3

It will be noted that under Article 1625, supra, the county treasurer is required to keep a claim register, in which all claims are registered as presented; and all claims are properly paid in the order in which they are registered.

We quote from the case of Howard et ux. v. Henderson County, et al, 116 S. W. (2d) 479, as follows:

"Commissioners' courts, having limited jurisdiction, may act only within the sphere of the powers and duties — express or implied — conferred upon them by the Constitution and statutes of this state. Subdivision 10 of article 2351, R. S. 1925, confers the power and duty on the commissioners' court to audit and settle all accounts against the county, and direct their payment. The county treasurer, by statute, is the custodian of county funds; and the statute, article 1625, R. S., directs that: 'Each county treasurer shall keep a well-bound book in which he shall register all claims against his county in the order of presentation, and if more than one is presented at the same time he shall register them in the order of their date. He shall pay no such claim or any part thereof, nor shall the same, or any part thereof, be received by any officer in payment of any indebtedness to the county, until it has been duly registered in accordance with the provisions of this title. All claims in each class shall be paid in the order in which they are registered'; and, article 1713, that: 'The county treasurer shall not pay any money out of the county treasury except in pursuance of a certificate or warrant from some officer authorized by law to issue the same . . . .'

"The language of the statutes is plain, the authority is exclusive and presents no ground for construction. The county treasurer is not authorized to pay claims against the county, except on warrants drawn by some officer authorized by law to issue same; . . ."

The case of Clarke and Courts v. San Jacinto County, 45 S. W. 315, among other things holds that warrants on the general fund should be paid in order according to their respective registration numbers.

The case of Wilkinson v. Franklin County, et al, 94 S. W. (2d) 1190, holds that an order of the Commissioner's Court requiring the county treasurer to pay current warrants

drawn against the county general fund in preference to warrants of prior years drawn against the general fund was void, so that warrants issued during prior years which bore preferential registration numbers to current year warrants were payable out of the general fund in the current year in preference to current year warrants.

It is clear that Article 1625, supra, denotes the order in which warrants drawn against the county treasury are to be paid and amounts to an appropriation of the fund in the county treasury to the payment of all warrants legally drawn against the several classes of funds in the order of their registration.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this Department that the commissioners' court has no legal authority or power to direct the county treasurer to secure from the county clerk a list of all warrants issued after each term of the commissioners' court and require that said warrants be paid by the county treasurer in their numerical order. Therefore, the above quoted order of the commissioners' court is void.

It is our further opinion that the above mentioned statutes do not contemplate that the county treasurer has the authority or power to secure from the county clerk a list of all warrants issued after each term of the commissioners' court and register said warrants in their numerical order or any other order. But on the other hand it is the duty of the parties to whom the warrants are issued to present said warrants to the county treasurer for registration and said warrants shall be registered as provided by the above mentioned statute and paid in order of their registration.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED SEP 27, 1940

AW:AMM

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS